**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KIMBERLY HARRIS,
                    Appellant,

            v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-0752-16-0366-I-1

DATE: November 2, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stephen Christopher Swift</u>, Esquire, Alexandria, Virginia, for the appellant.

<u>Whitney Krause</u>, Esquire, Chantilly, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for failure to prosecute.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       On February 19, 2016, the appellant filed a Board appeal challenging her removal from Federal service by the Defense Contract Management Agency for her acknowledged failure to obtain "Level II" certification within 24 months of her entry on duty.  Initial Appeal File (IAF), Tab 1 at 5.  She requested a hearing. *Id.* at 2.  On February 25, 2016, the administrative judge informed the parties that, if they wished to engage in discovery, then initial requests or motions must be served on the other party within 30 calendar days of the date of the order. IAF, Tab 3 at 3.  The appellant did not engage in discovery.  IAF, Tab 11 at 1.

¶3       On August 12, 2016, the administrative judge ordered the parties to file prehearing submissions on or before September 2, 2016, and scheduled a telephonic prehearing conference for September 6, 2016.  IAF, Tab 27 at 1, 3. The administrative judge also advised the appellant that failure to participate in the prehearing conference without a demonstration of good cause would result in the dismissal of the appeal for failure to prosecute or other sanctions.  *Id.* at 4.

The appellant did not submit a prehearing submission, nor did she appear for the prehearing conference.[2]  IAF, Tab 31 at 1.

¶4    Thereafter, the administrative judge issued an Order and Summary of Prehearing Conference, which denied the appellant's request for a hearing as a sanction for her failure to file a prehearing submission and appear at the prehearing conference.  *Id.*  She also afforded the appellant 2 weeks to show cause why her appeal should not be dismissed for failure to prosecute, noting that, if the appellant failed to respond, she would dismiss the appeal.  *Id.* The appellant again failed to respond.

¶5    On October 3, 2016, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute, finding that dismissal was appropriate because the appellant did not appear for the prehearing conference, did not show good cause for her failure to participate in the prosecution of her appeal, and failed to exercise due diligence in complying with orders.  IAF, Tab 33, Initial Decision (ID) at 3.

¶6    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed an opposition to the petition, to which the appellant has replied.[3, 4]  PFR File, Tabs 5-6.

---

[2] In the Order and Summary of Prehearing Conference, the administrative judge mistakenly identified the date of the prehearing conference as June 14, 2016.  IAF, Tab 31 at 1.  It appears that this was a typographical error and that the prehearing conference was held on September 6, 2016.  IAF, Tab 32.

[3] After the close of record on review, the appellant filed a motion to submit an additional pleading.  PFR File, Tab 8.  In a letter acknowledging the appellant's request, the Office of the Clerk of the Board advised her that the Board's regulations do not provide for such additional pleadings and that, for the Board to consider the proffered submission, she must describe the nature and need for it, and also must show that the evidence was not readily available before the record closed.  PFR File, Tab 9; *see* 5 C.F.R. § 1201.114(a)(5), (k).  The appellant made no such showing in her submission.  Therefore, we deny the appellant's request.

[4] On February 28, 2019, the appellant filed a pleading with the Board seeking to withdraw her petition for review.  PFR File, Tab 11.  Thereafter, on February 28 and March 28, 2019, the Office of the Clerk of the Board issued orders requiring the

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when (1) a party has failed to exercise basic due diligence in complying with Board orders or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. When, as here, an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the sanction of dismissal for failure to prosecute is appropriate. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶8     Here, the record reflects that the appellant failed to engage in discovery, failed to file prehearing submissions as ordered by the administrative judge, failed to appear for a telephonic prehearing conference, and failed to file a response when the administrative judge informed the appellant that her appeal would be dismissed for failure to prosecute absent a showing of good cause. IAF, Tabs 27, 31; ID at 2-3. The Board has upheld dismissals for failure to prosecute in similar situations. *See, e.g.*, *Leseman*, 122 M.S.P.R. 139, ¶¶ 3-4, 7 (upholding a dismissal for failure to prosecute after the appellant failed to appear at two conferences, failed to submit a close of record submission, and failed to respond to an order to show cause). Despite warnings that a failure to abide by the

appellant to confirm her intent to withdraw the petition for review and her understanding that any withdrawal is with prejudice to refiling with the Board. PFR File, Tabs 12-13. Because the appellant failed to respond, the Office of the Clerk of the Board informed her that it would take no further action regarding the withdrawal request and the Board would issue a decision on her petition for review upon restoration on a quorum. PFR File, Tab 14. The appellant has taken no further action to effect the withdrawal of her petition and, to the contrary, has designated a new attorney to represent her in this matter. PFR File, Tab 15. Thus, we address the merits of the petition for review.

Board's orders would result in a dismissal for failure to prosecute, the only contact the appellant made with the Board after the appeal returned from unsuccessful mediation was the filing of the petition for review. IAF, Tab 26, Tab 27 at 4, Tab 31 at 1; ID at 2-3.

¶9      On review, the appellant argues that her attorney is to blame for the failure to prosecute. PFR File, Tab 1 at 4-5, Tab 6. An appellant is generally responsible for the errors or inaction of her chosen representative. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). The Board will not, however, penalize an appellant when her representative thwarts her diligent efforts to prosecute her appeal. *See, e.g.*, *Shavers v. U.S. Postal Service*, 52 M.S.P.R. 187, 190 (1992). Here, the record shows that the appellant was personally served by electronic mail with the relevant orders to which she did not respond. IAF, Tabs 27, 31. Further, she has submitted with her petition for review an email from her former attorney informing her that he would not be representing her in her Board appeal and that she should inform the Board that she would be representing herself. PFR File, Tab 1 at 8. This email is dated prior to the deadline for prehearing submissions, the date of the prehearing conference, and the administrative judge's order to show cause why her appeal should not be dismissed for failure to prosecute. IAF, Tab 27, Tab 29, Tab 31 at 1. We find that the appellant has not demonstrated she acted diligently under the circumstances and that her allegations regarding her former attorney do not provide a basis for disturbing the initial decision. *See Shavers*, 52 M.S.P.R. at 190-91 (finding that the appellant's unwarranted belief that his representative was pursuing his appeal was not a proper basis for a finding of due diligence).

¶10     The appellant also continues to argue the merits of the underlying removal action. PFR File, Tab 1 at 4-5, Tab 6. However, the merits of the underlying matter do not bear on the dispositive issue in this appeal—the dismissal of the appeal based on a failure to prosecute. *See Bennett v. Department of the Navy*, 1 M.S.P.R. 683, 688 (1980) (concluding that an appellant's argument regarding

the merits of the underlying agency action was not determinative of the propriety of a dismissal for failure to prosecute). The record does not show that the administrative judge abused her discretion in dismissing the appeal with prejudice for failure to prosecute.

¶11 Based on the foregoing, we agree with the administrative judge's finding that dismissal with prejudice was an appropriate sanction, and we further find that the appellant failed to exercise basic due diligence in prosecuting her appeal. Accordingly, we affirm the initial decision's dismissal with prejudice for failure to prosecute.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.